Washburn, J.
In this case, Park B. Lee, defendant in error, was the driver of a truck, which he drove from a driveway on to the tracks of The Cleveland Railway Company, in front of an approaching car. Immediately upon the forward part of the truck getting upon the track it was struck by the car, and Lee was injured. He sued the company, and recovered a judgment for $5,000.
The trial judge charged:
“Outside of the allegation that the street car was going at a rate of thirty miles an hour, and the allegation that no gong was sounded, or warning given, the gist of plaintiff’s action is the charge made in the petition, as follows;
*256 “ ‘Plaintiff says that after the defendant saw, or, by the exercise of ordinary caré should have seen plaintiff, the defendant could have avoided striking the plaintiff, by stopping said car, or decreasing its speed; that the defendant, after seeing the plaintiff, or after, by the exercise of ordinary care, plaintiff could have been seen, made no effort whatever to avoid striking the plaintiff; that, in failing to make such effort, the defendant was negligent.’ ”
The court also charged:
“The rule may be simply stated in this way; although a person comes upon the track of a street railway company negligently, yet if the servants of the railway company, after they see his danger, can avoid injuring him, they are bound to do so. In other words, what I mean, gentlemen of the jury, is simply this: the plaintiff, Lee, may have been guilty of negligence in driving upon this track as he did, yet such negligence will not defeat the right of the plaintiff to. recover, if the motorman saw the danger in which he was placed, or in which he placed himself, in time tó have avoided colliding with him, by the exercise of reasonable care, and by the use of all the means at his command, and negligently failed to exercise such reasonable care. That is, of course, if you find there was negligence upon the part of Lee in driving upon this track in front of the approaching car, then you will proceed and examine the conduct of the motorman after he discovered, or by the exercise of ordinary care ought to have discovered the danger in which the plaintiff, Lee, was at the time.”
The court made further reference to this phase of the case, but the court nowhere charged the jury that if Lee was negligent, and his negligence cop’ *257 tinued up to the time of the accident, so that the collision was due to the concurring negligence of both parties, he could not recover.
The record discloses that the car and the truck were approaching a given point at right angles to each other, and that the collision occurred immediately upon their reaching that point; the driver of each had equal opportunity to see the other approaching, and, if either had stopped before reaching the point, the accident would have been avoided; and it further appears that while the drivers could see each other when some distance from the meeting point, they could not, owing to- an obstruction, see each other just before the truck emerged from the driveway upon the street. It does not appear that “the motorman actually saw such vehicle and had it continually in view for a considerable distance from the crossing,”' as was the case in West, Recr., v. Gillette, Admr., 95 Ohio St., 305.
It is difficult to see how the doctrine of the last clear chance could be applicable to a situation such as disclosed by this record. The latest pronouncement by our supreme court on this subject is that to entitle a plaintiff to a charge by the court of the doctrine of the last clear chance, “the evidence must have tended to show that, while his negligence may have contributed toward getting him in the position of danger, all negligence on his part had ceased for a sufficient time prior to the accident to have enabled the * * * [defendant}, after it knew of his situation of peril, to have avoided the accident,” by the exercise of ordinary care on its part. Pennsylvania Co. v. Hart, 101 Ohio St., 196, 200.
*258 We are aware that this statement of the law is, in some respects, not in accord with some earlier pronouncements of the supreme court; but it is in accord with several decisions of that court, and, being the latest pronouncement, and, as we believe, supported by the great weight of authority in this and other states, we accept and apply the same as the law governing the court in the case at bar.
Tested by that statement of the law, we are clearly of the opinion that if Lee was negligent in going upon the track in front of an approaching car, there was no evidence tending to prove that such negligence on his part had ceased prior to the accident. He was either free from negligence, or his negligence was concurrent, and so coincident in point of time with the negligence of the company as to preclude the application of the doctrine of the last clear chance, and the court below was in error in charging that doctrine.
We cannot say, as a matter of law, that Lee was negligent, and that such negligence was the proximate cause of his injury; the situation as presented by the record is one where different minds might reach opposite conclusions, and thus the case was a proper one for a jury, under proper instructions. Therefore the court did not err in overruling the motions for a directed verdict.
For error in the charge of the court, the judgment is reversed, and the cause remanded.

Judgment reversed, and cause remanded.

Patterson, J., (of the Fifth Appellate District, sitting in place of Dunlap, P. J.) and Vickery, J., concur.