The Cincinnati Traction Co. *v.* Woodmansee.

*Negligence—Excessive verdict and passion and prejudice—Evidence—Physician's testimony differs upon later hearing—Charge to jury—Considered in entirety—Contributory negligence—Erroneous instruction cured by special interrogatory.*

1. A verdict of $10,600, in an action for personal injuries, although large, is not so excessive as to indicate passion or prejudice on the part of the jury, where the evidence discloses that plaintiff suffered greatly in his earning power, that his hip was badly injured, that his skull was fractured, which affected his eyes, and, further, that he suffered great injury to his nervous system.

2. Upon the second trial of a case the testimony of a physician is not objectionable because it differs materially from that given by him at a former hearing; for time may have disclosed conditions which the physician, at the earlier hearing, could not foresee.

3. A paragraph taken from the general charge to the jury, which, standing alone, might be objectionable, may be cured by the charge as a whole if it properly defines the respective duties and obligations of the parties.

4. A cause will not be reversed for an erroneous instruction to the jury which presupposes contributory negligence on the part of the plaintiff, where the jury answer special inter-

rogatories to the effect that plaintiff was free from negligence.

(Decided March 27, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. H. Kenneth Rogers,* for plaintiff in error.
*Mr. D. D. Woodmansee* and *Mr. Thos. L. Michie,* for defendant in error.

HAMILTON, P. J.   The defendant in error brought his action in the court of common pleas of Hamilton county, seeking to recover damages for personal injuries to himself and to his automobile, as a result of a collision between his automobile and a street car of The Cincinnati Traction Company, the plaintiff in error here.

The trial resulted in a verdict for plaintiff for $10,600, and judgment for that amount was rendered on the verdict.   The Cincinnati Traction Company, plaintiff in error, seeks a reversal of that judgment.

The specifications of error urged are that the weight of the evidence shows Woodmansee to have been guilty of contributory negligence, that the verdict is excessive, and that errors exist in the charge of the court.

On the question of the weight of the evidence it is sufficient to say that the record shows several disinterested witnesses for the plaintiff and a similar number for the defendant.   The evidence was fully and fairly presented to the jury.   There were but few objections to the evidence, and none is argued here.   The jury weighed the evidence, and we do not find the verdict to be manifestly against the weight thereof.   While it is true the objection only goes to the weight as touching on the question of

contributory negligence, the jury must have found
there was no proof of contributory negligence; oth
erwise, under the charge of the court, they could
not have found in favor of the plaintiff. Further.
the defendant submitted three interrogatories to the
jury, two of which were answered by the jury to the
effect that the plaintiff was not guilty of contrib
utory negligence.

It is urged that the verdict is excessive, and the
testimony of Dr. Freericks, who was the physician
in attendance upon the plaintiff at the time of the
injury, is attacked on the ground that his testimony
given at this trial was in conflict with that given at
a former hearing, this being the second trial of this
case. There is evidence on the question of the
amount of damage to the effect that Woodmansee
suffered greatly in his earning power; that his skull
was fractured in the accident; that his hip was bad
ly injured; that the injury to his head affected his
eyes, so that he sees double; and, further that he
suffered great injury to his nervous system. It is
true that the doctor's testimony at the trial now
under review differs from that given at the first
hearing in that the injuries detailed by him are
much more serious. This may be explained by the
fact that time has developed conditions which the
doctor could not foresee. While the verdict seems
large, we do not find it to be so excessive as to in
dicate passion or prejudice on the part of the jury

It is urged that the jury were given an erroneous
definition of negligence by the court, and a para
graph is taken from the general charge which at
tempts to partially define negligence, and, which,
standing alone, might be subject to criticism in ex
pression. But the charge as a whole, defining the

obligation of the parties as to their duties in regard to the care required by the law, fully instructed the jury on this question. Further, the special charge, as requested by defendant and given by the court to the jury, fully set forth the care required and what would constitute negligence in the case at issue. We do not think the jury were misled by the charge on this question.

Objection is further made to the general charge with respect to the duty of the parties when arriving at a street crossing. We are of opinion that the charge complained of is authorized by the case of *Steubenville & Wheeling Traction Co.* v. *Brandon, Admr.,* 87 Ohio St., 187. The rule laid down in that case is familiar law as to the respective rights of parties on arriving at street intersections, and is no longer a subject for discussion.

Further objection to the charge is that the court offended in language used in charging on the last clear chance doctrine. On this question, the court said:

"If he failed to use such care, and thereby contributed to cause the injuries of which he complains, the law will not permit him to recover in this case, even though you may find that the defendant was also guilty of negligence; *unless you further find that the motorman operating this car saw, or by the exercise of reasonable care, might have seen the plaintiff upon the street.* * * *"

It will be noted that the offending language is "or by the exercise of reasonable care, might have seen the plaintiff upon the street." The supreme court of Ohio and this court have so frequently held that this language is improper that it would seem unnecessary to repeat it, but it seems that trial courts

overlook the matter, as was done in this case, and use the objectionable language in charging on the question of last clear chance. It is, therefore, clear that if this matter in the charge was prejudicial, the case would have to be reversed. The reply pleaded last chance, but the evidence failed to show any situation putting this question in issue. (*Pennsylvania Co.* v. *Hart,* 101 Ohio St., 196, and *Cleveland Ry. Co.* v. *Lee,* 32 O. C. A., 135.) The court might properly have omitted to charge on the question. However that may be, the plaintiff in error here, defendant below, submitted three interrogatories. The answers of the jury to two of them, as above stated, go to the effect that the plaintiff was free from negligence. Having thus so specially found they could not have been influenced by any question of last chance, which presupposes contributory negligence on the part of the plaintiff.

This case was tried a second time, and the record is exceptionally free from objectionable matter.

We find no prejudicial error in the record and the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.